Jerry J. Jarzombek
301 Commerce Street, Suite 2900
Fort Worth, Texas 76102
817-348-8325
817-348-8328 Facsimile
*jerryjj@airmail.net*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| ANDREA D. SMITH, | § | Civil Action No. |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | **COMPLAINT** |
| vs. | § | **and** |
| | § | **DEMAND FOR JURY TRIAL** |
| PALLIDA, LLC and | § | |
| MARK W. STOUT, | § | |
| | § | |
| Defendants. | § | |
| | § | (Unlawful Debt Collection Practices) |

### Preliminary Statement

1.      Plaintiff, Andrea D. Smith ("Smith") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), as well as under the Texas Debt Collection Act, Texas Finance Code § 392.001, et seq. ("TDCA") the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA") and the Texas Civil Practice & Remedies Code, Chapter 12 ("CPRC"), to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA, the TDCA, the DTPA, and the CPRC.

2.      Defendant, Pallida, LLC ("Pallida") attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported obligation to First USA Bank.  The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance or services were the subject thereof, and the same were primarily for personal, family, or household purposes.  Specifically, the alleged debt arose from an alleged default of an account with First USA Bank, which would have been used by the Plaintiff for non-business purposes.  Pallida claims to have acquired the Debt after default, through a series of assignments from related entities.

3.      Defendant, Mark W. Stout ("Stout") filed a garnishment suit in a Parker County District Court, in an attempt to collect a judgment obtained by Dodeka, LLC on February 6, 2008, which has become dormant, and allegedly owned by Pallida (through a series of assignments), arising from a purported obligation to First USA Bank. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance or services were the subject thereof, and the same were primarily for personal, family, or household purposes. Specifically, the alleged debt arose from an alleged default of an account with First USA Bank, which would have been used by the Plaintiff for non-business purposes.

**Jurisdiction and Venue**

4.      Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of supplemental jurisdiction for the TDCA, DTPA and CPRC claims pursuant to 28 U.S.C. § 1367.

5.      Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

**Parties**

6.      Plaintiff is a citizen of the State of Texas.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Texas Finance Code § 392.001(1).

7.      Defendant, Pallida is a Delaware corporation engaged in the business of collecting consumer debts in the Northern District of Texas, with its mailing address at 2003 Western Avenue, Suite 340, Seattle, Washington, 98121-2162.  The principal purpose of Pallida's business is the collection of consumer debts which it has acquired after default. Pallida does not extend credit to any of the consumers whose debt it acquires.  Rather, the sole purpose of the acquisition of these defaulted debts is their collection for a profit.  Pallida is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6).  Pallida is also a "third-party debt collector" as defined by TEX. FIN. CODE § 392.001(7).  Pallida may be served through Corporation Service Company d/b/a CSC-Lawyers Inco, its registered agent, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

8.      Defendant, Stout is an individual engaged in the business of collecting debts in this state with his principal place of business located at 421 S. Third Street, Suite 910, Fort Worth, Texas 76102.  A principal purpose of Stout's business is the collection of debts using the mail and the telephone, and Stout regularly attempts to collect debts alleged to be due another, or acquired after default.  Stout is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6).  Stout is also a "third-party debt collector" as defined by TEX. FIN. CODE § 392.001(7).  Stout may be served at his place of employment at 421 S. Third Street, Suite 910, Fort Worth, Texas 76102 or wherever he may be found.

## Factual Allegations

9.      On October 23, 2017, Stout filed an Application for Turnover in Cause No. CV071588 in the 43rd District Court, Parker County, Texas, styled *Dodeka, L.L.C. v. Andrea D. Smith.  See* Exhibit A (less the exhibits made part of the filing in the State Court).  The Application for Turnover sought the seizure of "funds being held by Frost Bank" which were already subject to a Judgment of Garnishment entered on June 27, 2017.  The "funds being held by Frost Bank" included Smith's wages, which are proceeds of exempt property.

10.     On June 21, 2018, the 43rd Judicial District Court of Parker County, Texas signed an Order denying the Application for Turnover in Cause No. CV071588.  *See* Exhibit B.

11.     Also on June 21, 2018, the 43rd Judicial District Court of Parker County, Texas signed an Order to Enforce Judgment in Cause No. CV17-0117, styled *Pallida, LLC successor in interest of Dodeka, LLC v. Frost Bank.*  The effect of this Order was to return funds on deposit with Frost Bank to Smith, (less $1,500.00 for Frost's attorney's fees), impounded as a result of a garnishment suit filed by Pallida.  *See* Exhibit C.

12.     Having been denied turnover relief, and perhaps fearing Frost Bank's compliance with the Order to Enforce Judgment, Stout filed another garnishment suit on behalf of Pallida the next day, June 22, 2018, as Cause No. CV18-0758, styled *Pallida, LLC successor in interest of Dodeka, LLC v. Frost Bank.*

13.     Defendants had the Writ of Garnishment issued and served the same day the suit was filed, June 22, 2018.  *See* Exhibit D, a true and correct copy of the executed Writ of Garnishment.

14.     The Application and the Affidavit of Courtney Dodd (in support of the Application) both claim the judgment originated on February 6, 2008, in Cause No. CV071588 in the 43rd District Court, Parker County, Texas, styled *Dodeka, L.L.C. v. Andrea D. Smith*.  Neither the application nor the affidavit cites to an execution in the ten years following the entry of judgment.  Nor do the records of the 43rd District Court reflect any execution in the ten year period following February 6, 2008.  A previous Writ of Garnishment does not revive the judgment.  *See Shields v. Stark*, 51 S.W. 540, 540 (Tex. Civ. App.—Fort Worth 1899, no writ) (concluding that writ of garnishment was not in any sense an execution and did not keep judgment alive).  *See* Exhibit E, a true and correct copy of the Application for Writ of Garnishment and supporting Affidavit (less the exhibits made part of the filing in the State Court).

15.     The preservation and dormancy of judgments is governed by section 34.001 of the Civil Practice & Remedies Code, which provides in pertinent part as follows:

> (a) If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.
>
> (b) If a writ of execution is issued within 10 years after rendition of a judgment but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant. A second writ may be issued at any time within 10 years after issuance of the first writ.

*Id.* § 34.001(a), (b). Under section 34.001, a judgment does not become dormant until the expiration of ten years from the date the last writ of execution was issued. *See id.* § 34.001(b). If no writ of execution is issued within ten years after the judgment is rendered, the judgment becomes dormant. *Id.* § 34.001(a). A judgment creditor may renew a judgment "indefinitely by having a writ of execution issued within ten years of the previous writ" to prevent the judgment from becoming

dormant. *Cadle Co. v. Fahoum,* No. 02-06-00459-CV, 2008 WL 754992, at \*2 (Tex. App.—Fort

Worth Mar. 20, 2008, no pet.) (mem. op.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(b).[1]

16.    Texas Civil Practice and Remedies Code section 63.001(3) requires that the "plaintiff

has a valid, subsisting judgment." TEX. CIV. PRAC. & REM. CODE ANN. § 63.001(3). The allegations

in the garnishment suit signed by Stout are false. Pallida's affiant swears that "plaintiff has a valid,

subsisting judgment," which is also false.

17.    Plaintiff filed a Motion to Dissolve the Writ of Garnishment in Cause No. CV18-0758

on July 23, 2018, and served a copy on Pallida through service on Stout.

18.    The grounds for dissolution, among others in Plaintiff's Motion, include notice that

the judgment sought to be collected by Pallida and Stout is dormant. Therefore, Defendants have

notice of that the underlying judgment is neither valid not subsisting.

19.    Stout filed the Affidavit from a representative of Pallida, and the Affidavit is a

fraudulent "court record" as that term is defined by TEX. PENAL CODE § 37.01 and further interpreted

by *State v. Vasilas,* 187 S.W.3d 486 (Tex. Crim. App. 2006). The false affidavit was filed with the

knowledge that the record was false; evidencing a false claim against personal property; with the

intent to cause financial injury and/or mental anguish or emotional distress.

20.    The foregoing acts and omissions as described above were undertaken by a

representative of Pallida, who functioned as an employee and/or agents of Pallida. The affiant was

acting within the course and scope of her employment at all times relevant to this matter.

---

1 The cited language is from *Keith M. Jensen, P.C. v. Roger M. Briggs, Jr.,* 02-14-00096-CV, 2007 (Tex. App. – Fort
Worth 3-26-2015, no pet.)(mem. op.)

21.     The foregoing acts and omissions of the Defendants were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard for the rights of the Plaintiff.

22.     The foregoing acts and omissions of the Defendants were undertaken indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

### First Claim for Relief

23.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the FDCPA include, but are not limited to the a. following:

a.     In violation of 15 U.S.C. § 1692d, the Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included filing an Application for Turnover which sought seizure of proceeds of exempt property; filing an Application for and obtaining a Writ of Garnishment to enforce a dormant judgment; and supporting the Application for the Writ of Garnishment with an affidavit that falsely claimed the underlying judgment was valid and subsisting when it was dormant.

b.     In violation of 15 U.S.C. § 1692e(2)(a), 15 U.S.C. § 1692e(10) and the "least sophisticated consumer standard", the Defendants used objectively false representations and/or false, deceptive or misleading representations or means in connection with the collection of a consumer debt.   Defendants misrepresented that proceeds of exempt property could be seized to satisfy a judgment; and misrepresented the status of the judgment as valid and subsisting when it was dormant.

c.     In violation of 15 U.S.C. § 1692(e)(5) and the "least sophisticated consumer" standard, the Defendants threatened to take an action (and actually took such an action) which cannot legally be taken or that is not intended to be taken. Such actions include misrepresenting that proceeds of exempt property could be seized to satisfy a judgment; and misrepresenting the status of the judgment as valid and subsisting when it was dormant.

d.      In violation of 15 U.S.C. § 1692f, the Defendants used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included filing an Application for Turnover which sought seizure of proceeds of exempt property; filing an Application for and obtaining a Writ of Garnishment to enforce a dormant judgment; and supporting the Application for the Writ of Garnishment with an affidavit that falsely claimed the underlying judgment was valid and subsisting when it was dormant.

24.     Under 15 USC § 1692k, the Defendants' violations of the FDCPA render them jointly and severally liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## Second Claim for Relief

25.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.  The Defendants' violations of the TDCA include, but are not limited to the following:

a.      In violation of TEX. FIN. CODE § 392.301(a)(8), Defendants threatened to take (and/or did take) an action prohibited by law.

b.      In violation of TEX. FIN. CODE § 392.304(a)(8), Defendants misrepresented the status and character of the debt as being legally enforceable, when it was not.

c.      In violation of TEX. FIN. CODE § 392.304(a)(19), Defendants used false representations and deceptive means to collect a consumer debt.

26.     Under TEX. FIN. CODE ANN. § 392.403, the Defendants' violations of the TDCA render them jointly and severally liable to Plaintiff for actual damages, statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

## Third Claim for Relief

27.     The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

a.     Pursuant to TEX. FIN. CODE ANN. § 392.404, the Defendants' violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

28.     Under TEX. BUS. & COM. CODE ANN. § 17.50(b)(2), the Defendants' violations of the DTPA render them jointly and severally liable to Plaintiff for injunctive relief, and reasonable attorney's fees.  Specifically, Plaintiff seeks to enjoin Defendants from making false representations as to: (1) the seizure of the proceeds of exempt property through the turnover process; and (2) the collection of dormant judgments to any consumer in the state of Texas.

**Fourth Claim for Relief**

29.     The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.  Defendants' violations of the CPRC are as follows:

a.     Defendants filed a fraudulent "court record" as that term is defined by TEX. PENAL CODE § 37.01 and further interpreted by *State v. Vasilas,* 187 S.W.3d 486 (Tex. Crim. App. 2006), specifically, the application filed by Stout and Pallida's affidavit signed by Courtney Dodd.  These documents were filed with the knowledge that the statements contained in that court record were false; evidencing a false claim against Plaintiff's personal property; with the intent to cause financial injury and/or mental anguish or emotional distress.

b.     Based on the false allegations in the application and the affidavit, the Clerk of the 43rd Judicial District Court issued a Writ of Garnishment on Frost Bank, which has impounded the personal property of Plaintiff.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that this Court:

1.      Declare that Defendants' actions violate the FDCPA, the TDCA and the DPTA.

2.      Enjoin the Defendants' actions which violate the TDCA and the DTPA.

3.      Enter judgment in favor of Plaintiff and against Defendants for actual damages, statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or TEX. FIN. CODE ANN. § 392.403 and/or TEX. BUS. & COM. CODE § 17.50(d) and/or TEX. CIV. PRAC. & REM. CODE § 12.002.

4.      Grant such further relief as deemed just.


                          Respectfully submitted,

                          */s/ Jerry J. Jarzombek*
                          Jerry J. Jarzombek
                          Texas Bar No. 10589050
                          THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
                          301 Commerce Street, Suite 2900
                          Fort Worth, Texas 76102
                          817-348-8325
                          817-348-8328 Facsimile

                          ATTORNEY FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.


Respectfully submitted,


*/s/ Jerry J. Jarzombek*
Jerry J. Jarzombek
Texas Bar No. 10589050
THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
301 Commerce Street, Suite 2900
Fort Worth, Texas 76102
817-348-8325
817-348-8328 Facsimile

ATTORNEY FOR PLAINTIFF

# Exhibit A

**CAUSE NO. CV071588**

| | | |
|---|---|---|
| **PALLIDA, LLC, successor in interest of** | § | **IN THE DISTRICT COURT** |
| **DOKEKA, LLC,** | § | |
| | § | |
| *Garnishor, Plaintiff,* | § | **43rd JUDICIAL DISTRICT** |
| | § | |
| **v.** | § | |
| | § | **PARKER COUNTY, TEXAS** |
| **ANDREA D. SMITH,** | § | |
| | § | |
| *Defendant.* | § | |

---

**PLAINTIFF'S APPLICATION FOR TURNOVER ORDER & APPOINTMENT OF A RECEIVER**

---

TO THE HONORABLE COURT:

COMES NOW Plaintiff Pallida, LLC, successor in interest of Dodeka, LLC ("Movant") and files this Application for Turnover Order & Appointment of a Receiver, and in support thereof would respectfully show the Court as follows:

**I.  APPLICATION FOR TURNOVER & APPOINTMENT OF A RECEIVER**

Movant's predecessor in interest obtained a Judgment in this Court on February 6, 2008, against Andrea D. Smith ("Judgment Debtor") in the amount of $18,003.73, all costs of court, attorney's fees in the amount of $400.00, and post-judgment interest at the rate of 7.25%. The judgment is now final, fully enforceable, and due to Movant in full plus interest accruing from and after the date of this Motion. A true and correct copy of said Judgment is attached hereto and incorporated herein as Exhibit "A."

Judgment Debtor owns or controls one or more properties or assets not exempt from attachment, execution, or other seizure for the satisfaction of liabilities. Specifically, Judgment Debtor owns non-exempt personal property in the form of funds being held by Frost Bank for benefit of Judgment Debtor. A true and correct copy of the Original Answer of Frost Bank to Writ

of Garnishment after Judgment filed in Cause No. CV17-0117 is attached hereto and incorporated herein as Exhibit "B." Judgment debtor is actively asserting a right to possession and custody of those funds by virtue of a Motion to Enforce Judgment filed in an ancillary garnishment proceeding. A true and correct copy of that Motion is attached hereto as Exhibit "C."

Movant requests that the Court order Judgment Debtor to turn over any and all of the items in the following requests. Unless otherwise stated, all time periods for the requests are for the three (3) years preceding this motion. "Respondent" includes Judgment Debtor. "Records" and "documents" are mutually inclusive.

1. All checks, cash, accounts at financial institutions, securities (stocks and bonds), promissory notes, documents of title, deeds, and contracts owned by or in the name of Judgment Debtor or subject to the Judgment Debtor's control;

2. Legible copies of all personal and business federal income tax returns filed by or prepared for Respondent, together with all schedules, attachments, W-2 forms, 1099 forms and all similar federal income summary forms;

3. All statements, canceled checks and deposit slips for all checking accounts, savings accounts, credit union accounts or other depository accounts, held either separately or jointly, for all accounts in which Respondent's name is on the printed checks, in which Respondent has an interest and/or in which Respondent has signatory authority. This includes all trust accounts on which the Respondent may sign;

4. Copies of all financial statements prepared by or on behalf of Respondent, including all such statements presented to any financial institution and/or any other party for the purpose of guaranteeing, securing or attempting to secure a loan or financial assistance of any kind;

5. All booklets, current and annual statements and all other documents evidencing the nature and extent of Respondent's rights under any stock option plan, retirement plan, pension or profit sharing plan, employee stock ownership plan, company savings plan, thrift fund matching plan, and all other similar plans;

6. The most recent statements, deposit confirmation slips, documents evidencing the balance, term and interest rates for every amount of money and assets in which Respondent has any interest, whether separately or jointly, invested by or for the Respondent in cash management funds, certificates of deposit, money market funds, treasury bills, bonds, debentures or other type investment and acquisition paying or promising to pay a return on Respondent's monies invested;

7.  All certificates of stock or brokerage house statements evidencing all ownership and every purchase, sale, assignment or transfer of stocks, bonds, debentures and/or other securities (whether in privately held or publicly traded companies or institutions) owned by Respondent or in which Respondent has a beneficial interest;

8.  All documents and records showing all business holdings, partnerships (general, limited or otherwise), sole proprietorships, trusts, corporations, joint ventures and any other business organizations of every kind in which Respondent is a partner or has an interest and assumed name certificates under which Respondent has done or is doing business;

9.  All active or inactive policies of insurance, whether life, health, auto, disability, homeowners, personally or otherwise, of which Respondent is the owner, beneficiary, insured, heir to the proceeds, beneficiary of existing or identified trust funded by insurance proceeds;

10. All deeds, deeds of trust, land installment contracts, contracts for deeds, syndications, real estate investment trusts, partnership agreements, easements, rights of way, leases, rental agreements, documents involving mineral interests, mortgages, notes and closing statements relating to all real property in which any Respondent has or in which Respondent had or has any interest;

11. All certificates of title, firearms, deer stands, ATV's, boats, trailers, and motors, documentation regarding hunting or fishing leases or rights or the rights to time share units or the use of property, tickets to events, like ballet or sporting events, proof of spa or club memberships, current licenses, receipts, bills of sale and loan documents for all motor vehicles and farm equipment, including automobiles, trucks, motorcycles, recreational vehicles, boats, trailers, airplanes and other motorized vehicles and equipment owned by Respondent or in which Respondent has and had any interest;

12. For every trust of which a Judgment Debtor is a trustee, joint trustee, beneficiary, settlor or trustor which conveyed, transferred, assigned, created any options to purchase, or disposed of any interest in real property or personal property in any manner, furnish documents evidencing the manner of disposition and the consideration received or to be received. Furnish all documents showing all evaluations of Respondent's interest, share of principal and income and documents showing the principal and income allocated to Respondent whether or not distributed during the last three (3) years;

13. All documents and records of all safe deposit boxes maintained by Respondent or to which Respondent has had access, or has a claim, right or interest in, including all lists of all contents therein. Identify the location of all the safe deposit boxes and deliver the keys to the Receiver;

14. All documents constituting and describing each Respondent's accounts receivable, whether or not collected. Deliver all documents identifying the accounts receivables of all businesses which Respondent owns and in which Respondent has or had any interest, and a copy of all collected, offset, credited, uncollected, discounted, assigned, pledged and exchanged accounts receivables;

15.     All copies of every appraisal of real estate or personal property in which Respondent or Respondent's spouse has or had any interest;

16.     Every inventory or list of real or personal property, application for credit been made by Respondent, including all estimates of value placed on each item;

17.     Deliver all mail, unopened, as it is received;

18.     All documents, notes, bills, statements and invoices evidencing all current indebtedness payable by Respondent or paid off by Respondent, and all assignments of promissory notes made by Respondent;

19.     All lease agreements for personal property and real property executed by Respondent, whether as lessee, lessor, sublessee, sublessor, assignee or assignor, including any mineral interest leases;

20.     Deliver records of all travelers checks, cashier's checks, money orders, drafts and draws that were received, cashed or purchased;

21.     Deliver the names, addresses and telephone numbers of all organizations and persons within Respondent's knowledge who has or may have knowledge of the status of property in which Respondent has and had an interest, whether being community or separate property, the Respondent's liabilities and the location and value of Respondent's assets. This includes banks, savings and loan associations, mortgagees, merchants, credit providers, brokers, credit unions, financial institutions, security dealers, people and organizations dealing with mineral interests who have received information from Respondent regarding or including information about Respondent's assets and interests, income, and liabilities;

22.     All records that would indicate the cost basis of Respondent's assets;

23.     Copies of the current inventory and all past inventories, accounts receivable of all ongoing businesses which Respondent owns and had an interest and copies of all collected, offset, credited, uncollected discounted, assigned, pledged and exchanged accounts receivable of all businesses owned by Respondent and in which Respondent has or had any interest;

24.     All contracts in which Respondent is a party or has or had a beneficial interest, including all earnest money contracts, construction contracts, rental or lease contracts and sales agreements in which Respondent is due a commission or other remuneration. If Respondent is presently under the terms of any written employment contract or agreement or is due any remuneration under any past contract or agreement, furnish a copy of the contract or agreement;

25.     All minute books, ledgers, corporate records and resolutions pertaining to Respondent or pertaining to any corporation or business in which Respondent has or had any interest;

26.     All documents evidencing every gift, bailment, loan, gratuitous holding, assignment, sale, hypothecation, discounted transfer, transfer into lock box payment, and transfer of Respondent's property of any nature;

27.     All records of every kind and character showing all personal property in which Respondent has or had any interest in the State of Texas, the United States of America or any other place;

28.     All the articles of incorporation, minute books, partnership agreements and assumed name records of all companies, partnerships, corporations and proprietorships that have owners, employees, officers, directors, shareholders and partners which are or were also owners or employees of Respondent;

29.     All employment records or pay records to indicate every business for which Respondent was employed, provided services, was an independent contractor, general contractor, superintendent, agent or subcontractor;

30.     All checks, cash, securities (stocks and bonds), promissory notes, deeds, deeds of trust, documents of title, contracts, accounts receivable, escrow agreements, retainage agreements, records and all documents that identify all property in which Respondent has an interest and that which is collateral or security for any obligation or contingent obligation of Respondent, along with all documents indicating any interest of the Respondent in rental agreements, royalty agreements, licenses, bailment agreements, filings pursuant to the Uniform Commercial Code security agreements, assignments, all filed or recorded liens, lis pendens, lawsuits, recorded mechanics and materialmen's lien affidavits, judgments, abstracts, partnership agreements, employment agreements, as well as all documents indicating each Judgment Debtor's present and prospective heirship, beneficial interest in trusts, beneficial interest in insurance policies and insurance coverage and right to any insurance policies cash surrender value or ownership in which respondent has or had any interest; and

31.     A listing of all air miles and rewards programs, with the last three (3) months' statements.

Movant further asks that the Court to appoint a disinterested, qualified third-person as receiver of Judgment Debtor's Property. The Court should authorize and empower the receiver to take possession and hold in *custodia legis* all non-exempt property of Judgment Debtor whether in the Judgment Debtor's possession or is subject to the Judgment Debtor's control, including, but not limited to the following:

(a)     All documents or records, including financial records, related to such property that is in the actual or constructive possession or control of Judgment Debtor;

(b)     All cash, all financial accounts including but not limited to bank accounts, certificates of deposit, money market accounts, accounts held by any third party;

(c)     All securities;

(d)     All real property and personal property including boats, airplanes, motor vehicles, and trailers;

(e)     All safety deposit boxes;

(f)     All cash of any nature including gifts or payments made on behalf of Judgment Debtor, whether in the Judgment Debtor's possession or is subject to Judgment Debtor's control;

(g)     All negotiable instruments, including promissory notes, drafts, and checks; (h) causes of action or choses of action;

(h)     All contract rights, whether present or future; and

(i)     All accounts receivable, of every nature, type, and description.

Movant further requests that the Receiver, with respect to Judgment Debtor and his property, be granted the additional rights, authority, and powers to:

(a)     pay any cash or cash equivalent to Movant in full or partial satisfaction of the Judgment rendered in this matter;

(b)     collect all accounts receivable of Judgment Debtor;

(c)     change locks at all premises at which any property is situated (except Judgment Debtor's homestead);

(d)     open all mail directed Judgment Debtor or any business of Judgment Debtor, and have Judgment Debtor's mail forwarded to the address of the Receiver;

(e)     obtain Judgment Debtor's federal income tax returns, which Judgment Debtor shall be required to timely prepare and present annually to the Receiver,  credit information, and credit reports;

(f)     endorse and cash all checks and negotiable instruments payable to Judgment Debtor (except paychecks for current wages or other exempt income);

(g)     sell or lease any non-exempt real property or mineral interest of Judgment Debtor;

(h)     hire any person or company to move and store property of Judgment Debtor;

(i)     obtain from any financial institution, bank, credit union or savings and loan any financial records belonging to or pertaining to Judgment Debtor;

(j)     obtain from any landlord, building owner, or building manager where Judgment Debtor or Judgment Debtor's business is a tenant, copies of Judgment Debtor's lease, lease application, credit application, payment history, and copies of Judgment Debtor's checks for rent or other payments;

(k)     hire any person or company necessary to accomplish any right or power under this order;

(l)     take all action necessary to gain access to storage facilities, safety deposit boxes, real property, and leased premises wherein any property of Judgment Debtor may be situated, and to obtain copies of all documents related to the same;

(m)    file IRS Form 56, Notice Concerning Fiduciary Relationship, and require Judgment Debtor to comply with all of his responsibilities to  prepare and file timely tax returns, provided that the Receiver shall have no responsibility for the accuracy or timely filing of any tax return;

(n)     obtain and use Judgment Debtor's credit reports;

(o)     schedule hearings and meetings and directing parties and witnesses to give testimony and to rule upon the admissibility of evidence at such hearings; and

(p)     place witnesses under oath and examining them himself or through his agents.

(q)     redirect, lease, or sell all telephone numbers belonging to any Judgment Debtor.

(r)     seize, monitor, close, lease, renegotiate, or sell all websites, domain names, and e-mail addresses which Judgment Debtor owns or controls, including all derivations of the names and addresses ("domain names"), for cash or by purchase money note or in any other manner deemed acceptable by the Receiver in his sole discretion, for prices deemed to be reasonable by Receiver, and on terms and conditions deemed to be reasonable by Receiver and subject to all liens.

Lastly, Movant asks that the Court order Judgment Debtor to deliver to the Receiver, a copy of all keys and a list of all personal identification numbers (PINs), passwords, and combinations, with a clear list explaining what each key, PIN, etc. opens, where to locate the items to which the keys and PINs, etc. are related, and what is contained in the items to which the keys, PINs, etc. are associated. As protection for this power, Movant ask the Court to enjoin anyone but the Receiver from changing keys, codes, PINs, etc., without the Receiver's prior written consent.

## II.  RECOMMENDATION OF STAN WRIGHT AS RECEIVER

Movant respectfully recommends the appointment of Former United States Bankruptcy Trustee Stan Wright as receiver. Mr. Wright has extensive expert knowledge in the recovering assets, including, if necessary, the use of involuntary bankruptcy to ensure adequate protection to creditors in this matter. Further, Mr. Wright is a Certified Public Accountant, which may be helpful in dissecting the financial condition of the Judgment Debtor. Lastly, Mr. Wright's credentials and trustworthiness have already been vetted by the United States court system.

## III.  ATTORNEY'S FEES

As a result of Judgment Debtor's failure and refusal to pay the judgment rendered in this cause, Movant has been required to retain the undersigned legal counsel to institute and prosecute this motion. Movant will pay and incur liability to pay the fees for those services. Movant is, therefore, entitled to recover from Judgment Debtor the sum of $1,000.00 as a reasonable fee for the attorney's services rendered and to be rendered in this Court. In the event of an appeal or other proceeding in the court of appeals, Movant would be further entitled to $10,000.00 as a reasonable attorney's fee; in the event of an appeal or other proceeding in the Texas Supreme Court, Movant would be entitled to an additional $5,000.00.

## IV.  PRAYER

WHEREFORE, Movant request that the Court set the motion for hearing, if necessary, and issue the Order for Turnover and Appointment of a Receiver as described herein:

1.    Appoint a qualified person, to serve as receiver for the Interests described in this motion;

2.    Order Judgment Debtor to turnover and deliver to the receiver, without delay, all Interests listed in this motion and all documents relating to or evidencing

Judgment Debtor's interest in that property and any other non-exempt property in the possession of Judgment Debtor;

3.     Direct and empower the receiver to possess, control, and deal with the Interests and any other non-exempt property as set out in this motion or otherwise so as to apply the Interests toward satisfaction of Movant' judgment;

4.     Render judgment against Judgment Debtor in favor of Movant for attorney's fees in the amount of $1,000.00, together with interest as allowed by law, costs of suit;

5.     Enter an Order granting the receiver's fee, in an amount equal to 25% of all amounts collected by the receiver, be taxed as costs against Judgment Debtor but shall not reduce the amount of the Plaintiff's Judgment; and

6.     Such other and further relief as to which Movant may be entitled.

**Respectfully Submitted,**

PADFIELD & STOUT, L.L.P.
421 W. Third Street, Suite 910
Fort Worth, Texas 76102
817-338-1616  phone
817-338-1610  fax


  /s/ Mark W. Stout
Mark Stout
State Bar I.D. #24008096
ms@padfieldstout.com
Matthew D. Giadrosich
State Bar I.D. #24064830
mdg@padfieldstout.com

## CERTIFICATE OF SERVICE

I certify that on October 23, 2017, a true and correct copy of Plaintiff's Application for Turnover and Appointment of Receiver was forwarded to Defendant Andrea D. Smith through her attorney of record, Jerry J. Jarzombek, via e-service and/or email.

/s/Mark W. Stout
Mark W. Stout

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Defendant Andrea D. Smith through her attorney of record, Jerry J. Jarzombek, regarding the relief sought in this motion. He indicated that he was opposed to such relief.

/s/Mark W. Stout
Mark W. Stout

# Exhibit B

Filed 06/21/2018   9:59 a.m.
Sharena Gilliland
District Clerk
Parker County, Texas
Kelsey     Simcox

CAUSE NO. CV071588

| | | |
|---|---|---|
| DODEKA, LLC, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | 43RD JUDICIAL DISTRICT |
| | § | |
| | § | |
| ANDREA D. SMITH, | § | |
| | § | |
| *Defendants,* | § | PARKER COUNTY, TEXAS |

## ORDER DENYING PLAINTIFF'S APPLICATION
## FOR TURNOVER AND APPOINTMENT OF RECEIVER

BE IT REMEMBERED that on the 18th day of June, 2018 came to be considered Plaintiff's Application for Turnover Order and Appointment of Receiver.  After hearing arguments of counsel and reviewing the documents filed in this cause, the Court finds that the Plaintiff's Motion is not well-taken and should be DENIED.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Plaintiff's Application for Turnover Order and Appointment of Receiver is DENIED.

SIGNED this  21st  day of June, 2018.

_____
JUDGE PRESIDING

Exhibit C

Filed: 06/21/2018 11:45 a.m.
Sharena Gilliland
District Clerk
Parker County, Texas
Kelsey      Simcox

CAUSE NO. CV17-0117

| | | |
|---|---|---|
| PALLIDA, LLC, successor in interest of DODEKA, LLC, | § § § | IN THE DISTRICT COURT |
| *Garnishor, Plaintiff* | § § | |
| v. | § § § | 43RD JUDICIAL DISTRICT |
| ANDREA D. SMITH | § § § | |
| *Defendant.* | § § | |
| FROST BANK | § § | |
| *Garnishee* | § § | PARKER COUNTY, TEXAS |

## ORDER TO ENFORCE JUDGMENT

BE IT REMEMBERED that on the 18th day of June, 2018 came to be considered Defendant's Motion to Enforce Judgment. After hearing arguments of counsel and reviewing the documents filed in this cause, the Court finds that the Defendant's Motion should be GRANTED, and that the Judgment of this Court entered on June 27, 2017 be enforced as to its terms which state that if the Judgment-Defendant appealed the Judgment that the Plaintiff/Garnishor and/or Garnishee return all funds awarded them to the Judgment-Defendant.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Frost Bank, Garnishee, return the funds impounded by the writ of Garnishment to Andrea D. Smith, Defendant (less the attorney's fees of Frost Bank in the amount of $1,500.00, which is paid from the funds of the Judgment Defendant).

SIGNED this __21st__ day of June, 2018.

_____
JUDGE PRESIDING

*ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE JUDGMENT*                    *PAGE Solo*

Exhibit D

Writ of Garnishment
TRCP 661-663a

**ORIG** Pd. 35

**186**

**CAUSE NO. CV18-0758**

| | | |
|---|---|---|
| Pallida, LLC, Successor in Interest of Dodeka, LLC | § | **IN THE** |
| v. | § | **43RD DISTRICT COURT** |
| Frost Bank | § | **PARKER COUNTY, TEXAS** |

**THE STATE OF TEXAS**

TO: Frost Bank, by Serving Registered Agent Stanley E. McCormick Jr., 100 W. Houston Street San Antonio, TX 78205, Garnishee, Greetings:

WHEREAS, in the 43rd District Court of Parker County, Texas in a certain cause wherein Pallida, LLC, Successor in Interest of Dodeka, LLC is Plaintiff and Andrea D. Smith is Defendant, the Plaintiff, claiming an indebtedness against the said Andrea D. Smith in the sum of $18,003.73, besides interest and costs of suit, has applied for a writ of garnishment against you, Frost Bank.

NOW THEREFORE, you are hereby commanded to be and appear before the said court at 117 Fort Worth Hwy, Weatherford, Texas in said county at ten o'clock A.M. on the Monday next following the expiration of twenty days from the date of service hereof, then and there to answer upon oath what, if anything, you are indebted to the said Andrea D. Smith and were when this writ was served upon you, and what effects, if any, of the said Andrea D. Smith you have in your possession, and had when this writ was served, and what other persons, if any, within your knowledge, are indebted to the said Andrea D. Smith or have effects belonging to him in their possession.

You are further commanded **NOT** to pay to defendant any debt or to deliver to him any effects, pending further order of this court. HEREIN fail not, but make due answer as the law directs.

ISSUED and given under my hand and seal of said Court on this the 22nd day of June, 2018.

**SHARENA GILLILAND**
District Clerk
Parker County, Texas

By: _Sharon Hall_
Deputy

2018 JUN 22 PM 3: 02
BEXAR COUNTY SHERIFF
JUDICIAL SERVICES DIV.

TO: Andrea D. Smith

You are hereby notified that certain properties alleged to be owned by you have been garnished. If you claim any rights in such property, you are advised:

"YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A REPLEVY BOND. YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT."

Writ of Garnishment
TRCP 661-663a

**OFFICER'S RETURN**

Came to hand on the _22_ day of _June_ 20_18_ at _3:02_ o'clock _P_ M and executed on the _22_ day of _June_ 20_18_ at _3:45_ o'clock _P_ M at _100 W. Houston St._ in Parker County, Texas by delivering to the within named Garnishee _Susan Murr_ in person a true copy of this writ, having first endorsed thereon the date of delivery.

Fee $ _35.00_

JAVIER SALAZAR, SHERIFF
~~BEXAR COUNTY, TEXAS~~   Sheriff/Constable
_____ County, Texas

By _Dep. R. Chapa_ Deputy
R. CHAPA 3119   _3119_

ATTEMPTED SERVICE

| DATE | TIME | REMARKS |
|------|------|---------|
|      |      |         |
|      |      |         |
|      |      |         |
|      |      |         |
|      |      |         |
|      |      |         |
|      |      |         |
|      |      |         |

Exhibit E

Filed: 6/29/2018 11:57 AM
Sharena Gilliland
District Clerk
Parker County, Texas

Sharon Hall

**CV18-0758**

Cause No. _____

| | | |
|---|---|---|
| PALLIDA, LLC, successor in interest of DODEKA, LLC | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§<br>§ | 43RD JUDICIAL DISTRICT |
| FROST BANK | §<br>§ | PARKER COUNTY, TEXAS |

## APPLICATION FOR WRIT OF GARNISHMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Pallida, LLC, successor in interest of Dodeka, LLC, Plaintiff herein, makes application for the issuance of a writ of garnishment against Frost Bank, Garnishee, and as grounds for the writ would respectfully show the Court as follows:

I.

Plaintiff is a judgment creditor of Judgment Defendant Andrea D. Smith.

Garnishee Frost Bank is a financial institution with its principal place of business located at 100 W. Houston Street, San Antonio, Texas 78205. Service of the Writ of Garnishment may be had on the garnishee by serving its registered agent, Stanley E. McCormick Jr., at 100 W. Houston Street, San Antonio, Texas 78205.

II.

In Cause No. CV071588 on the docket of this Court, styled Pallida, LLC, successor in interest of Dodeka, LLC vs. Andrea D. Smith, Plaintiff obtained judgment against such Defendant (hereinafter referred to as "Defendant") on February 6, 2008, in the amount of $18,003.73, all costs of court, attorney's fees in the amount of $400.00, and post-judgment interest at the rate of 7.25%. Said judgment is valid and subsisting and remains unsatisfied.

APPLICATION FOR WRIT OF GARNISHMENT -                                                                 Page 1

III.

Defendant does not possess, within affiant's knowledge, property in Texas subject to execution sufficient to satisfy said judgment.   The garnishment applied for is not sued out to injure either Defendant or Garnishee.   Affiant has reason to believe, and does believe, that the said Garnishee is indebted to the Defendant by reason of one or more bank accounts and furthermore, Garnishee may be in possession of property of Defendant by way of safe deposit box(es) located in Garnishee's bank(s) leased to Defendant.

WHEREFORE, Plaintiff prays that a writ of garnishment be issued against Frost Bank.

PADFIELD & STOUT, L.L.P.
421 W. Third Street, Suite 910
Fort Worth, Texas 76102
(817) 338-1616 phone
(817) 338-1610 fax

/s/Mark W. Stout
Mark W. Stout
State Bar I.D. #24008096
mstout@padfieldstout.com
Matthew D. Giadrosich
State Bar I.D. #24074274
mdg@padfieldstout.com

*Attorneys for Plaintiff*

CAUSE NO. _____

| | | |
|---|---|---|
| PALLIDA, LLC, successor in interest of | § | IN THE DISTRICT COURT |
| DOKEKA, LLC, | § | |
| | § | |
| *Garnishor, Plaintiff,* | § | 43rd JUDICIAL DISTRICT |
| | § | |
| v. | § | |
| | § | PARKER COUNTY, TEXAS |
| FROST BANK, | § | |
| | § | |
| Garnishee, | § | |

## AFFIDAVIT OF COURTNEY DODD IN SUPPORT OF PALLIDA, LLC's APPLICATION FOR WRIT OF GARNISHMENT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TAYLOR | § |

Before me, the undersigned authority, on this day personally appeared Courtney Dodd, who being personally known to me, stated under oath that the following information is within her personal knowledge and is true and correct:

1.      My name is Courtney Dodd.  I am over 18 years of age, of sound mind, and capable of making this affidavit.  The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.      I am an authorized representative of Pallida, LLC, ("Pallida") successor in interest of Dodeka, LLC ("Dodeka"), the current owner of, and successor to, the judgment in respect of which Pallida seeks garnishment in this case.  I serve as the custodian of the business records of Pallida and as such I am a qualified witness.

1

3.     In my role as custodian of Pallida's business records, I am familiar with how these records have been prepared, maintained and stored.   My responsibilities as custodian of business records for Pallida include but are not limited to the storage, retrieval and review of general business records that Pallida keeps in the normal course of business. These records include but are not limited to records of bills of sale, account statements, credit card agreements, credit card statements, and other account documents. The records also include but are not limited to court documents and the documents and client communications sent and received by the attorneys for Pallida and its predecessors in interest before, during and after the law suit cause No. CV 071588 in the 43rd District Court of Parker County, styled as *Dodeka, LLC v. Andrea D. Smith*.   All or substantially all of Pallida's business records are stored at its office address at 2003 Western Avenue Suite 340, Seattle WA 98121.   I live in Taylor County, Texas, but the Pallida business records are stored electronically and are thus available to me.

4.     I have personally examined the records at issue in this matter. The account holders and Pallida's predecessors in interest kept the records in the regular course of business and it was in the regular course of business for an employee or representative with knowledge of the act, event, condition, opinion or diagnosis to make the record or transmit information to be included in such record. The records were made at or near the time of the act, event, condition, opinion or diagnosis or reasonably soon thereafter.

5.     I have personal knowledge of how the credit account records were prepared by the predecessors in interest because I have observed how credit account records are prepared and maintained by the previous account holders.   In addition, I have

2

personally reviewed the record preparation and maintenance procedures with the staff of the previous account holders. Additionally, I can attest the previous account holders have procedures to retain the integrity of these records while in the custody of the previous account holders. Such credit account records are now in the care, custody and control of Pallida.

6.      The business records of Pallida's predecessors in interest which are now in the possession of Pallida were kept in the regular course of business and it was in the regular course of business for an employee or representative of such person with knowledge of the act, event, condition, opinion or diagnosis, recorded to make the record or to transmit information thereof to be included in the record. The records were made at or near the time or reasonably soon after the act, event, condition, opinion, or diagnosis that was recorded. The records are the originals or exact duplicates of the originals.

7.      Pallida's business records are kept in the regular course of business, and it is in that regular course of business for an employee or representative of Pallida with knowledge of the act, event, condition, opinion or diagnosis recorded to make the record or to transmit information thereof to be included in such record. The records were made at or near the time or reasonably soon after the act, event, condition opinion or diagnosis that was recorded. The records are the originals or exact duplicates of the originals.

8.      The business records attached to this affidavit are business records of Pallida, received from its predecessors and maintained, or prepared and kept, respectively, in the regular course of Pallida's business.

3

9.     My review of the business records of Plaintiff reflects that: On February 6, 2008, in the Lawsuit, the Court entered a Judgment in favor of Plaintiff against ANDREA D SMITH ("Judgment Defendant"). The Judgment awarded Plaintiff the sum of $18,003.73, all costs of court, attorney's fees in the amount $400.00, and post-judgment interest at the rate of 7.25% ("Judgment"). The Judgment is valid and subsisting and the records of Plaintiff reflect that there are $0.00 credited to such balance to date. Therefore, the Judgment remains not completely satisfied to date. Judgment Defendant has not filed an appeal for the Judgment or posted a supersedeas bond.

10.     Plaintiff has conducted post-judgment review of its records, as well as Internet and public records database searches regarding Judgment Defendant to try to locate non-exempt assets subject to execution within the State of Texas, but Plaintiff found none sufficient to satisfy the Judgment. A portion of these searches was done as recently as June 21, 2018. I have personally reviewed the results of these searches. Additionally, Plaintiff had made substantial efforts to communicate with Judgment Defendant and/or to obtain satisfaction of the Judgment or other information regarding non-exempt asset. Such efforts included the following:

    a.   Plaintiffs predecessor-in-interest sent Judgment Defendant a Post-Judgment Notice of Intent to Take Deposition in Aid of Judgment at his/her last known address on or about June 18th, 2010. Judgment Defendant did not attend such deposition.

    b.   Plaintiff's predecessor-in-interest sent a settlement offer to Judgment Defendant at his/her last known address on or about March 1st, 2012

c.  Plaintiff's predecessor-in-interest sent a post-judgment demand letter to Judgment Defendant at her last known address on or about August 28th, 2013.

d.  Plaintiff's predecessor-in-interest filed an application for writ of garnishment on or about September 11th, 2013. The writ of garnishment was issued on October 23rd, 2013 and served upon the bank, but Plaintiff voluntarily dismissed the garnishment.

e.  Plaintiff's predecessor-in-interest sent a settlement offer to Judgment Defendant at his/her last known address on or about April 14th, 2014.

f.  Plaintiff sent a settlement offer to Judgment Defendant at his/her last known address on or about March 6th, 2015.

g.  Plaintiff sent a settlement, offer to Judgment Defendant at his/her last known address on or about March 18th, 2016.

h.  Plaintiff sent a post-judgment demand letter to Judgment Defendant at their last known address on or about January 6th, 2017.

11.    Plaintiff's business records reflect that Judgment Defendant has failed or refused to respond to Plaintiff's communications and pleadings in a way that has completely satisfied the Judgment or otherwise disclosed or revealed any non-exempt assets within the state of Texas.

12.    Within my knowledge and my knowledge of Plaintiff's records, Judgment Defendant does not possess property in Texas subject to execution that is sufficient to satisfy the Judgment.

5

13.     Upon information and belief, garnishee Frost Bank is a financial institution conducting business in Texas that may be served with process by serving any president, vice president or branch manager at, Attn: Ben McCormick, 100 W. Houston St., San Antonio, TX 78205 or wherever it may be found. Based on a review of the records of Plaintiff, the last known address of the Judgment Defendant is as follows: 242 Beaudelaire Dr., Weatherford, TX 76087.

14.     I have reason to believe, and do believe, that Garnishee financial institution, Frost Bank, is indebted to Judgment Defendant based on orders entered by the 43rd Judicial District Court of Parker County in a prior garnishment action as well as information obtained by Plaintiff from a third party investigator's report of non-exempt assets, which I have also reviewed as part of Plaintiff's records.

15.     The garnishment is not sought to injure the Judgment Defendant or Garnishee.

16.     Attached as Exhibit A is a true and correct copy of the affidavit of service signed under oath by Raymond L. Whatley, Jr. and filed in the record of Case # CV071588, *Dodeka, LLC, v. Andrea D. Smith*, on October 9, 2007.

17.     Attached as Exhibit B is a true and correct copy of the Bill of Sale documenting the sale of the account and judgment from Dodeka to Alasia, LLC on September 11, 2011.

18.     Attached as Exhibit C is a true and correct copy of the Bill of Sale documenting the sale of the account and judgment from Alasia, LLC to Lutea, LLC on December 31, 2012.

6

19.     Attached as Exhibit D is a true and correct copy of the Bill of Sale documenting the sale of the account and judgment from Lutea, LLC to Cerastes, LLC on December 19, 2014.

20.     Attached as Exhibit E is a true and correct copy of the Bill of Sale document the sale of the account and judgment from Cerastes, LLC, to Pallida on December 19, 2014.

21.     Attached as Exhibit F is a true and correct copy of a deposition notice that The Burroughs Law Firm, PLLC ("Burroughs"), Pallida's counsel, sent to Ms. Smith by certified and US Mail on December 19, 2008.

22.     Attached as Exhibit G is a true and correct copy of a second deposition notice that Burroughs sent Ms. Smith on June 18, 2010.

23.     Attached as Exhibit H is a true and correct copy of a letter Burroughs sent Ms. Smith on August 24, 2010.

24.     Attached as Exhibit I is a true and correct copy of a third notice of deposition and accompanying cover letter sent to Ms. Smith by Weinstein & Riley, P.S. ("WR"), successor to the Burroughs firm as counsel in this matter, on November 2, 1011.

25.     Attached as Exhibit J is a true and correct copy of a letter sent to Ms. Smith by WR on March 1, 2012.

26.     Attached as Exhibit K is a true and correct copy of a letter sent to Ms. Smith by WR on January 11, 2013.

27.     Attached as Exhibit L is a true and correct copy of a notice of appearance and designation of counsel and notice of assignment of the judgment from Dodeka to Lutea that WR sent Ms. Smith on May 15, 2013.

28.     Attached as Exhibit M is a true and correct copy of a letter WR sent to Ms. Smith on August 28, 2013.

29.     Attached as Exhibit N is a true and correct copy of an application for a writ of garnishment that Lutea filed against Ms. Smith on September 17, 2013.  According to Pallida's records, Lutea nonsuited the application.

30.     Attached as Exhibit O is a true and correct copy of a letter WR sent to Ms. Smith on March 6, 2015.

31.     Attached as Exhibit P is a true and correct copy of a motion for substitution of counsel that WR sent to Ms. Smith on June 19, 2015.

32.     Attached as Exhibit Q is a true and correct copy of a notice of change of contact information that WR sent to Ms. Smith on March 18, 2016.

33.     Attached as Exhibit R is a true and correct copy of a notice of assignment of judgment from Lutea to Cerastes that WR sent to Ms. Smith on December 29, 2016.

34.     Attached as Exhibit S is a true and correct copy of a notice of assignment of judgment from Cerastes to Pallida that WR sent to Ms. Smith on December 29, 2016.

35.     Attached as Exhibit T is a true and correct copy of a letter WR sent to Ms. Smith on January 6, 2017.

36.     Attached as Exhibit U is a true and correct copy of the notice sent to Ms. Smith by WR on February 27, 2017.

8

37.    According to Pallida's business records, Ms. Smith did not respond to any of the communications made to her by Pallida or its predecessors in interest with regard to the account or the judgment, nor did she appear in response to any of the notices of deposition. According to Pallida's business records, all of the communications sent to Ms. Smith by certified mail were returned to Pallida or its predecessors as unclaimed.

38.    All of the communications sent to Ms. Smith by or on behalf of Pallida and its predecessors in interest were sent to 242 Beaudelaire Drive, Weatherford TX 76087.

39.    I have reviewed the affidavit I signed on April 14, 2017, in support of Pallida's application for a prior writ of garnishment, and in response to Ms. Smith's motion to dissolve that prior writ of garnishment. The information contained in that affidavit remains true and correct."

Further, Affiant sayeth naught.

_____
Courtney Dodd, Affiant

SUBSCRIBED AND SWORN to before me by Courtney Dodd on June 22 _____, 2018 to certify which witness my hand and official seal.

HAYLEY BROADFOOT
Notary Public, State of Texas
Comm Expires 09-29-2021
Notary ID 10676208

_____
NOTARY PUBLIC, STATE OF TEXAS
My Commission Expires: 9/29/21