

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANDREA D. SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-870-A |
| | § | |
| PALLIDA, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of defendants, Pallida, LLC ("Pallida"), and Mark W. Stout ("Stout"), to dismiss. The court, having considered the motions, the responses of plaintiff, Andrea D. Smith, the replies, the record, and applicable authorities, finds that the motions should be denied.

I.

Background

Briefly, plaintiff says that defendants engaged in unlawful debt collection activities by filing an application for turnover order seeking seizure of proceeds of exempt property, by making application for and obtaining a writ of garnishment to enforce a dormant judgment, and by supporting the application for writ of garnishment with affidavits including false statements. In support of their motions, defendants allege that the underlying judgment they sought to collect was not dormant, and further,

that the property subject to the writ of garnishment was not exempt property.

The record reflects, and the parties do not dispute, that: On February 6, 2008, Pallida's predecessor in interest obtained a judgment against plaintiff. On or about January 25, 2017, Pallida filed an application for writ of garnishment. On June 27, 2017, Pallida was awarded judgment in the garnishment action. Because of the wording of the judgment and because plaintiff filed a notice of appeal therefrom, on June 21, 2018, plaintiff obtained an order requiring the garnishee to return the funds impounded by the writ of garnishment to plaintiff. On June 22, 2018, Stout, on behalf of Pallida, filed a second application for writ of garnishment. It is that application, along with a separate application for turnover over and appointment of a receiver, that is the subject of plaintiff's claims in this action.

II.

## Applicable Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests,"

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

III.

Analysis

A.  Whether the Underlying Judgment is Dormant

The first issue to be considered is whether, under Texas law, a dormant judgment can be revived by writ of garnishment. The Supreme Court of Texas has apparently not addressed the issue. Therefore, this court must make an "Erie-guess" as to how that court would resolve it. Chaney v. Dreyfus Serv. Corp., 595 F.3d 219, 229 (5th Cir. 2010); Six Flags, Inc. v. Westchester

4

Surpus Lines Ins. Co., 565 F.3d 948, 954 (5th Cir. 2009). In this regard, while the decisions of intermediate state courts provide guidance, they are not controlling.[1] United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co., 414 F.3d 558, 565-66 (5th Cir. 2005).

When construing a statute, Texas courts attempt to determine and give effect to the Legislature's intent, looking first to the plain and common meaning of the words used. State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002). Courts determine intent from the entire act and not just from isolated portions. Id.

Chapter 34 of the Texas Civil Practice and Remedies Code is titled "Execution on Judgments." The first section thereunder is titled "No Execution on Dormant Judgment" and provides, in pertinent part:

> (a) If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.
> (b) If a writ of execution is issued within 10 years after rendition of judgment but a second writ is not issued within 10 years after issuance of the first

---

[1] In Chaney, the Fifth Circuit said that in making its Erie-guess, the court should defer to the intermediate state appellate courts unless convinced by other data that the highest state court would decide otherwise. Chaney v. Dreyfus Serv. Corp., 595 F.3d 219, 229 (5th Cir. 2010). However, in this case, the appellate opinions are inconsistent. Further, one panel of the Fifth Circuit may not overrule another and the United Teacher case is the earlier. Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

writ, the judgment becomes dormant. A second writ may
be issued at any time within 10 years after issuance of
the first writ.
. . .

Tex. Civ. Prac. & Rem. Code § 34.001.

Pursuant to the plain language of § 34.001, the only method to extend a judgment, that is, to prevent it from becoming dormant, is by issuance of a writ of execution. Keith M. Jensen, P.C. v. Briggs, No. 02-14-00096-CV, 2015 WL 1407357, at *6 (Tex. App.--Fort Worth Mar. 26, 2015, no pet.); Raymond K. Oukrop, DDS, P.C. v. Tatsch, No. 03-12-00721-CV, 2014 WL 3734192, at *2 (Tex. App.--Austin July 2, 2014, no pet.). The statute specifically refers first to "writ of execution" and later to "execution." The terms are obviously not synonymous.

Defendants rely on Harper v. Spencer & Assocs., P.C., 446 S.W.3d 53 (Tex. App.--Houston [1st Dist.] 2014, pet denied), for the proposition that a writ of garnishment is a writ of execution as defined in § 34.001. That court's analysis, however, is based on the faulty premise that a writ of execution is the same thing as an execution. Harper, 446 S.W.3d at 56 (looking to the definition of "execution" in Rule 622 of the Texas Rules of Civil Procedure). The Harper court overlooks the distinction in Tex. R. Civ. P. 621 between "execution" and "other appropriate process." The court also overlooks that there are separate sets of rules for attachment (Tex. R. Civ. P. 592-609), distress warrants (Tex.

6

R. Civ. P. 610-620), executions (Tex. R. Civ. P. 621-656), garnishment (Tex. R. Civ. P. 657-679), injunctions (Tex. R Civ. P. 680-693), and sequestration (Tex. R. Civ. P. 696-716). These are in keeping with the separate schemes set out by the Legislature in the Civil Practice and Remedies Code for execution on judgments (Ch. 34), and the "extraordinary remedies" of attachment (Ch. 61), sequestration (Ch. 62), garnishment (Ch. 63), receivership (Ch. 64), injunction (Ch. 65), and quo warranto (Ch. 66).

Clearly, as any Texas law student learns, there are different writs for different purposes. As the Harper court notes, garnishment is one means of collecting on a judgment. 446 S.W.3d 446 at 56. But that does not mean that a writ of garnishment is a writ of execution. Garnishment and execution are two separate things. And, that other types of judgment collection activities qualify as writs of execution because they meet the definition of Tex. R. Civ. P. 629 (e.g., are directed to any sheriff or constable and are returnable in 30, 60, or 90 days) does not mean that a writ of garnishment so qualifies. See Keith M Jensen, P.C., 2015 WL 1407357, at *3-*6 (explaining why a turnover order is not a writ of execution); Raymond K. Oukrop DDS, P.C., 2014 WL 3734192, at *4 (same). It does not.

7

A writ of garnishment is not directed to a sheriff or constable; it is directed to the garnishee. Tex. R. Civ. P. 661; Tenet Health Sys. Hosps. Dallas, Inc. v. N. Tex. Hosp. Physicians Grp., P.A., 438 S.W.3d 190, 197 (Tex. App.--Dallas, no pet.). The sheriff or constable simply delivers the writ of garnishment to the garnishee, Tex. R. Civ. P. 663. Service on the judgment debtor is accomplished as in other civil cases and the action proceeds as any other civil suit. Tex. R. Civ. P. 663a-79. The sheriff or constable does not seize any property in satisfaction of a judgment.

The court is satisfied that, were the Supreme Court of Texas to consider this matter, it would determine that a writ of garnishment is not a writ of execution as that term is used in Tex. Civ. Prac. & Rem. Code § 34.001.

B. <u>Whether Defendants Sought To Collect Exempt Property</u>

Defendants maintain that plaintiff's claims regarding exempt property should be dismissed because the property subject to the garnishment actions does not qualify as exempt property. As plaintiff points out, however, her claim is that a separate application for turnover order and appointment of a receiver, filed on or about October 23, 2017, in the trial court violated

8

the statutes prohibiting unlawful collection practices.[2] The court is not persuaded that this is a matter properly determined on motion to dismiss. Whether the alleged violations occurred would appear to turn on whether defendants knew that the Frost account, the subject of the garnishment referenced in the turnover application, contained proceeds of exempt property.

IV.

Order

The court ORDERS that defendants' motions to dismiss be, and are hereby, denied.

SIGNED February 22, 2019.

_____
JOHN McBRYDE
United States District Judge

---

[2] A copy of the application is attached as Exhibit A to plaintiff's complaint.